COURT OF APPEALS
DECISION
DATED AND FILED

April 22, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2132**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV899

IN COURT OF APPEALS
DISTRICT II

ZORINA K. REED,

PLAINTIFF-APPELLANT,

ANTHEM BLUECROSS BLUESHIELD AND MID-CENTURY INSURANCE COMPANY,

SUBROGATED-PLAINTIFFS,

V.

SENTRY SELECT INSURANCE COMPANY, CARGOTRANS INTERNATIONAL CORP AND DIMITROV S. DIMITAR,

DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Kenosha County: HEATHER R. IVERSON, Judge. *Reversed and cause remanded with directions.*

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Zorina Reed appeals from a judgment of the circuit court that dismissed her lawsuit for failing to prosecute her case and imposed attorney fees, costs, and monetary sanctions.  For the reasons explained below, we conclude the court erred by dismissing Reed's case.  Because we reverse the court's judgment, we also vacate the court's imposition of various fees, costs, and sanctions.  We remand this case for further proceedings that are consistent with this opinion.

## BACKGROUND

¶2    On July 25, 2019, Reed was in an automobile accident.  As relevant, on September 22, 2021, Reed, by counsel, brought a negligence action against Sentry Select Insurance Company, Cargotrans International Corp., and Dimitrov S. Dimitar (collectively, "Sentry") based on that accident.  Sentry answered the complaint and denied the allegations.

¶3    On December 1, 2021, Sentry served Reed with its first set of interrogatories and requests for production of documents.  Reed failed to respond to the discovery, and, eventually, on May 4, 2022, Sentry moved the circuit court to compel Reed to answer its discovery.  A motion hearing was scheduled for June 15, 2022.

¶4    The day before the scheduled motion hearing, on June 14, 2022, Sentry withdrew its motion.  Sentry advised the circuit court that Reed had answered the outstanding discovery requests.

¶5      On September 12, 2022, Reed's counsel, Attorney JoAnne Krabbe, moved to withdraw, and the circuit court permitted counsel's withdrawal.  Reed, then pro se, advised the court that she intended to retain new counsel, and the court set a status hearing for December 7, 2022.

¶6      On November 30, 2022, Sentry contacted Reed, who had not retained new counsel, to schedule a mutually agreeable time for her deposition.  The parties agreed Reed would be deposed on December 12, 2022 at 11:00 a.m.  Sentry formally served Reed with a notice of deposition on November 30.

¶7      Reed did not appear at the circuit court's December 7, 2022 status hearing.  Instead, she filed a letter stating:

> I am currently looking to Rehire [A]ttorney Krabbe, I have spoken with Attorney Krabbe, she is willing to be reinstated as my attorney.  I am notifying the courts of my decision.  If you have any concerns or issues in regards to this matter, please contact me.  Thank you.

¶8      Sentry, who did appear at the December 7, 2022 court hearing, advised the circuit court that it was skeptical of Reed's representation.  However, it asked the court to set the case for another status so Sentry could confirm with Attorney Krabbe that she was going to resume representing Reed in this case.  The court scheduled a status hearing for February 1, 2023.

¶9      Sentry then contacted Attorney Krabbe, who advised that she would not be representing Reed and Reed was proceeding pro se.  Sentry contacted Reed directly, and Reed advised Sentry that she would attend her scheduled December 12, 2022 deposition.

¶10     However, on December 12, 2022, Reed did not appear at the noticed deposition.  Sentry's attempts at contacting Reed about her nonappearance were

unsuccessful. Before the court reporter, Sentry made a record of Reed's nonappearance and that transcript is in the Record.

¶11 Reed eventually made contact with Sentry, and Reed advised that she did not attend the December 12, 2022 deposition because she did not feel comfortable participating without a lawyer. Sentry asked Reed to provide it with an update on the status of Reed's counsel by January 6, 2023.

¶12 By January 13, 2023, Reed had not retained counsel, and Sentry reached out to Reed to schedule another deposition. Reed agreed to be deposed at the courthouse following the February 1, 2023 status hearing. Sentry served a second notice of deposition on Reed directing her to appear at the courthouse on February 1 for her deposition.

¶13 At the February 1, 2023 status hearing, the circuit court set a new scheduling order. Sentry advised the court that Reed was going to be deposed following the hearing. The court advised Reed that if she wanted to be represented by an attorney, she needed to begin her search immediately, and needed to advise any prospective attorney of the court's scheduling order.

¶14 In the courtroom hallway following the status hearing, Reed advised Sentry that she would not be participating in the deposition. Sentry explained to Reed that it would be filing a motion to dismiss, or in the alternative a motion to compel, and would seek costs and fees associated with the two missed depositions. Reed left the courthouse.

¶15 On February 9, 2023, Sentry moved to dismiss or, in the alternative, to compel Reed to appear for a deposition. Sentry attached affidavits and exhibits to its motion. A motion hearing was scheduled for March 13, 2023.

4

¶16    On March 13, 2023, Attorney Christopher Strohbehn filed a notice of retainer and indicated he was going to represent Reed. He also moved to adjourn the motion hearing so that Reed could file a response. The motion hearing was rescheduled to May 26, 2023.

¶17    At the May 26, 2023 motion hearing, Sentry recited the facts as outlined above. Sentry argued dismissal was appropriate because Reed had not advanced her case, and she "simply failed to show up for her own properly noticed deposition not once, but twice." Reed, by counsel, acknowledged that "[Sentry] is upset and prejudiced," but argued that Reed was unrepresented when she failed to appear at the two depositions, did not want to appear without counsel, and she was now "ready … to comply and appear at a deposition."

¶18    Ultimately, the circuit court denied Sentry's motion to dismiss. However, the court addressed Reed directly and stated:

> [T]here is enough to suggest to me that you have been noncooperative during the periods when you haven't had a lawyer.
>
> You have been given opportunities to obtain an attorney and I understand there can be some difficulty doing that, but when you're under an obligation to do something to make the matter move towards resolution which is what you want and you are noncooperative with that, that causes harm to everybody. From yourself and the other party through the whole entire system.

¶19    The circuit court directed Sentry

> to prepare a list of what [Sentry] claims to be the costs incurred as a result of the noncompliance with Court obligations. Submit that to [Reed] through counsel and they're to respond whether they dispute the responsibility for any of those episodes or all.
>
> Whatever the case may be and include also the what you believe to be the costs for court reporter or fees or whatever

the case may be and if you can't resolve it between yourselves then you can renew it … on letter notice and letter argument.

The court then set a new scheduling order with the parties.

¶20 On August 29, 2023, Attorney Strohbehn moved to withdraw. While the withdrawal motion was pending, Sentry moved for reconsideration of its prior motion to dismiss. Sentry advised the circuit court that since May 2023, it had scheduled two depositions for Reed and both were canceled given her issues with counsel. Sentry also advised the court that in June 2023, it had "circulated to Ms. [Reed]'s counsel the enclosed itemization of fees and costs[1] related to [Sentry's] attempts to depose Ms. [Reed] and the motion to compel Ms. [Reed]'s attendance for her deposition." Sentry stated the total amount was $3,909.05 and it never received a response from Reed regarding the sanctions demand.

¶21 At this point, and prior to deciding the pending motions, the judge assigned to the case retired. In January 2024, the parties appeared before the chief judge who informed the parties that a new judge had been appointed by the Governor and would be assigned to the case. The chief judge advised the parties that the current hearing before the circuit court would be limited to counsel's withdrawal motion and the remaining motions would be decided by the newly-appointed judge. Ultimately, the court granted counsel's withdrawal motion. A hearing before the newly-appointed judge was scheduled for March 13, 2024.

---

[1] No itemization is included in the Record.

¶22 On that date, Reed, pro se, and Sentry appeared before the newly-appointed circuit court judge, the Honorable Frank Gagliardi. The court observed that Sentry's dismissal motion remained pending. Sentry advised the court that Reed had not yet sat for a deposition and had not returned medical authorization forms.

¶23 The circuit court advised the parties that it would not dismiss Reed's case at the hearing. Instead, the court scheduled a dismissal motion hearing, and it instructed Reed that before that hearing, she needed to sit for a deposition and complete and return the medical authorization forms. It explained:

> I don't want to sanction you. I'm going to hold the sanctions in abeyance, okay, to see if you'll cooperate and comply with the orders that I'm putting in place now for the depositions to make sure that you comply with the depositions with or without an attorney, because you're making a conscious decision to keep this case going.

¶24 The parties next appeared before the circuit court on May 9, 2024. Sentry advised the court that since the last court appearance, Reed sat for her deposition, complied with requests for medical authorizations, and supplemented her discovery responses. However, Sentry renewed its request to dismiss the case for failure to prosecute given the previous delays. Sentry also asked the court to award the requested $3,909.05 in sanctions associated with Reed's two missed depositions and the cost of bringing the previous motion.

¶25 The circuit court advised Sentry that based on Reed's current compliance and because the case was getting back on track, it would continue to hold the dismissal motion and sanctions in abeyance. Given Reed's permanency claims, the court ordered Reed to comply with an independent medical examination ("IME") by July 15, 2024 and ordered both parties to comply with

discovery and depositions. The court set the matter for "a status conference/motion hearing on [Sentry's] motion for sanctions/scheduling conference" on September 26, 2024. The court further advised the parties that a new circuit court judge, the Honorable Heather Iverson, would be assigned to this case when they returned to court in September.

¶26     The parties scheduled Reed's IME for July 24, 2024 at 9:00 a.m. Reed was instructed to arrive at 8:45 a.m. for the appointment; however, she arrived at the appointment at approximately 9:27 a.m. Reed explained she was late because there was a traffic accident on the highway. The doctor's staff advised Reed that she was too late for the appointment, and the doctor would not have time to perform the examination.

¶27     On July 29, 2024 and August 7, 2024, Reed, pro se, defended depositions Sentry took of two doctors. Reed also took the deposition of the driver involved in the underlying accident.

¶28     On August 12, 2024, Sentry renewed its motion to dismiss or, in the alternative, moved to compel Reed to attend an IME and to execute additional medical authorization forms. Sentry outlined the entire history of the case, including Reed's failure to timely attend the IME and her current refusal to sign additional medical authorizations.

¶29     On August 28, 2024, Reed filed a response to Sentry's motion to dismiss. She explained she was late for the IME because Sentry had provided her with inconsistent times for the appointment, "[o]n short notice, [she] received a phone call stating that the appointment was moved back to 9am[,]" and, on the day of the appointment, she "traveled an hour to reach the location but encountered significant delays due to an accident on the highway, which hindered [her] timely

8

arrival." Reed advised the circuit court that she was turned away from the appointment when she arrived and told rescheduling was not possible; however, she was fully prepared to attend another appointment.

¶30 Reed also advised the circuit court that, contrary to Sentry's claims, she signed authorizations for the release of her medical records in March 2024, and she attached copies of the signed authorizations. Finally, Reed explained the case was progressing and she attached the deposition transcripts of the three depositions that had taken place since the last court hearing.

¶31 In mid-September 2024, the parties participated in mediation. Mediation was not successful.

¶32 On September 26, 2024, the parties appeared for the first time before Judge Iverson. Sentry again argued the case should be dismissed. Reed asserted the case should not be dismissed. Reed again explained she was late to the IME because of an accident on the highway and, as for Sentry's latest round of medical authorizations, Reed advised the circuit court that she had previously signed medical authorizations and the new requests were too invasive.

¶33 The circuit court dismissed Reed's lawsuit. It explained:

> [Reed] has demonstrated a persistent pattern of conduct that has significantly impeded the progress of this case and [Sentry's] ability to prepare a defense.
>
> Specifically, Ms. [Reed] failed to provide timely responses to [a] written discovery request, which was necessitating a motion to compel from the Defendants. On two separate occasions, Ms. [Reed] failed to appear for properly noticed depositions. Ms. [Reed] appeared unreasonably late for a court ordered independent medical examination on July 25th, 2024, resulting in the cancellation of the examination. Ms. [Reed] has repeatedly

9

refused to sign additional medical authorizations necessary for the Defendants to obtain relevant medical records.

The Court finds that Ms. [Reed]'s conduct throughout this litigation has been egregious. Her actions and inactions have not only delayed the proceedings, but have also substantially prejudiced the Defendant's ability to investigate and defend against these claims. Ms. [Reed] has failed to provide any clear and justifiable excuse for her repeated non-compliance with discovery obligations, court orders and the basic expectations of litigants in our judicial system. The Court has previously imposed lesser sanctions, including an order for Ms. [Reed] to attend her deposition and an award of attorney's fees and costs related to the Defendant's failed attempts to [de]pose her. And despite these measures, Ms. [Reed]'s obstructive conduct has persisted.

The Court recognizes that dismissal is a very harsh remedy. However, given the egregious nature of Ms. [Reed]'s conduct, the prejudice to the Defendants and the need to preserve judicial integrity and promote the orderly processing of cases, the Court finds that dismissal is warranted in this instance.

Therefore, it is hereby ordered the Defendant's motion to dismiss or failure to prosecute is granted. This action is dismissed with prejudice[, p]ursuant to [WIS. STAT. §§] 805.03 and 804.12(2)(a) [(2023-24[2]]. The Plaintiff, Zorina [Reed], shall pay the Defendant's reasonable attorney's fees and costs associated with this motion and previous sanctions. The previous sanction was in the amount of $3,909.05. Defendant's counsel shall submit an affidavit of fees and costs within 14 days of this order, and they shall draft the order for this hearing. This order is final for purposes of appeal, and that will conclude the hearing.

¶34    The circuit court's written order authorized $3,909.05 in sanctions for the two missed depositions, $6,911.50 in sanctions for the missed IME, and statutory costs. Reed appeals.

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

**DISCUSSION**

¶35    WISCONSIN STAT. § 805.03 grants circuit courts "the authority to dismiss actions or grant default judgment when a party has interfered with ... 'the orderly administration of justice.'" ***Buchholz v. Schmidt***, 2024 WI App 47, ¶62, 413 Wis. 2d 308, 11 N.W.3d 212 (alteration in original, citation omitted). Although a court has discretion to dismiss an action as a sanction, it is a particularly harsh sanction and is appropriate only when the non-complying party has acted egregiously or in bad faith. ***Industrial Roofing Servs., Inc. v. Marquardt***, 2007 WI 19, ¶¶42-43, 299 Wis. 2d 81, 726 N.W.2d 898. A party's failure to comply with a court order is egregious conduct when there is no "clear and justifiable excuse[.]" ***Id.***, ¶43 (citation omitted).

¶36    We review a circuit court's decision that imposes dismissal as a sanction for an erroneous exercise of discretion. ***Buchholz***, 413 Wis. 2d 308, ¶64. "A discretionary decision will be sustained if the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." ***Scudder v. Concordia Univ., Inc.***, 2025 WI App 13, ¶24, 415 Wis. 2d 318, 18 N.W.3d 173 (citation omitted).

¶37    Upon a review of the Record, we conclude that the circuit court erroneously exercised its discretion when it determined Reed's actions amounted to egregious conduct and that dismissal was an appropriate sanction. As we explain below, the court's conclusion is based in part upon errors of fact and of law. Further, although the court has discretion to accept or reject a proffered excuse for conduct, the Record reflects the court provided no explanation or analysis as to why Reed's explanations were inadequate to constitute a "clear and

11

justifiable excuse[.]"  *See Industrial Roofing*, 299 Wis. 2d 81, ¶43 (citation omitted).

¶38    Here, the circuit court generally found Reed's conduct to be egregious for four reasons: (1) she failed to provide timely responses to discovery which necessitated a motion to compel from Sentry; (2) she failed to appear at two properly noticed depositions; (3) she was tardy for her IME, which caused the appointment to be canceled; and (4) she failed to provide Sentry with additional, signed medical authorizations.

¶39    We start with the circuit court's conclusion that "Ms. [Reed] failed to provide timely responses to [a] written discovery request, which … necessitat[ed] a motion to compel from [Sentry]."  In making this determination, the court overlooked that Reed was represented by counsel when she failed to provide timely responses to the written discovery, and Sentry moved to compel. Because Reed was represented by counsel for this event, the court was required to make specific factual determinations before imputing counsel's conduct onto Reed.  *Scudder*, 415 Wis. 2d 318, ¶49; *see also Industrial Roofing*, 299 Wis. 2d 81, ¶63.  Specifically, the court needed to determine whether "(1) the client failed to act in a reasonable and prudent manner in monitoring her attorney's conduct in the litigation and (2) the client had knowledge of, should have known, or was complicit in the attorney's egregious conduct."  *Scudder*, 415 Wis. 2d 318, ¶49. The court in this case made no such findings.  As a result, the untimely discovery responses and the motion to compel cannot serve as a basis for determining that Reed's conduct was egregious.

¶40    The circuit court also determined Reed's conduct was egregious because "[o]n two separate occasions, Ms. [Reed] failed to appear for properly

noticed depositions." The court observed that it had "previously imposed lesser sanctions, including … an award of attorney's fees and costs related to [Sentry's] failed attempts to [de]pose her[,]" "the previous sanction was in the amount of $3,909.05[,]" and even with this lesser sanction, "Ms. [Reed]'s obstructive conduct has persisted."

¶41 Factually, the circuit court did previously admonish Reed for failing to attend two properly noticed depositions. The court also invited Sentry to submit an itemized statement of costs for those missed depositions and advised if the parties could not agree, then the matter would be decided by motion. However, the court never actually imposed $3,909.05 in sanctions. Instead, the court advised Reed that it would hold Sentry's requested sanctions in abeyance so that Reed could continue to progress her case. The court's conclusion that Reed's conduct warranted dismissal because it had previously imposed a sanction of $3,909.05 and this monetary sanction had not deterred Reed's conduct, is a factual error.

¶42 We then turn to the "new" conduct underlying Sentry's motion to dismiss. The circuit court found that Reed "appeared unreasonably late for a court ordered independent medical examination on July 25th, 2024, resulting in the cancellation of the examination" and Reed "repeatedly refused to sign additional medical authorizations necessary for [Sentry] to obtain relevant medical records." At first blush, we agree Reed's actions were inconsistent with the court's May 23, 2024 order requiring her to attend an IME by July 2024 and comply with discovery demands.

¶43 However, Reed offered explanations to the circuit court for her conduct. Specifically, she advised the court that she was late to the IME because

there was confusion regarding the time of the appointment, she traveled an hour to get to the appointment, and there was a traffic accident that prevented her from timely arriving. She also explained that she signed the initial medical authorization forms as required but the additional forms were too invasive.

¶44 The Record reflects that when the circuit court concluded that Reed's conduct regarding the untimely IME arrival and her refusal to sign the additional medical authorization forms was egregious, the court made no findings as to why Reed's explanations for the conduct were inadequate to constitute a "clear and justifiable excuse" for her conduct. *See* ***Industrial Roofing***, 299 Wis. 2d 81, ¶43 (citation omitted). Further, although the court found that Reed had "demonstrated a persistent pattern of conduct that has significantly impeded the progress of this case[,]" the Record does not reflect that the court considered other activities Reed participated in to further her case—including participating in three witness depositions and mediation before the hearing before Judge Iverson.

¶45 Because the circuit court improperly imputed Reed's counsel's conduct onto Reed without first making appropriate findings, incorrectly assumed the $3,909.05 in sanctions for the two missed depositions had actually been awarded by a previous judge, and did not make factual findings regarding why Reed's proffered explanations for arriving late for the IME and failing to sign the additional medical authorization forms, were inadequate to constitute a "clear and justifiable excuse[,]" *see* ***id.***, we conclude the court's dismissal of Reed's lawsuit amounted to an erroneous exercise of discretion. We therefore reverse the judgment dismissing Reed's case. Because we reverse the judgment dismissing Reed's case, we also vacate the court's award of monetary sanctions, costs, and fees. We remand this case for further proceedings that are consistent with this opinion.

*By the Court*.—Judgment reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.